UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW W. CHISHOLM, RAYMOND J. SCHAEFER, and LONNIE A. HANEY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:13cv1212 JAR ) |
| MARTY CANCILA DODGE, CHYSYLER, JEEP, RAM, a fictitious name d/b/a FLORISSANT DODGE SALES, INC., | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Strike Defendant's Recent Supplemental Motion to Dismiss. (Doc. No. 29)[1] For the following reasons, the motion will be denied.

In their original complaints, Plaintiffs alleged they were terminated in violation of various federal employment discrimination laws because of their age, race, gender, disability and in retaliation for engaging in protected activities. Defendant moved to dismiss the complaints on the merits, which motions were mooted when Plaintiffs filed amended complaints to correct the legal name of Defendant. Defendant then refiled its motion to dismiss the amended complaints. Plaintiffs move to strike Defendant's motions to dismiss on the grounds that the motions cite "different ostensible authorities" than the original motions. Defendant responds that because the

---

[1] This action is consolidated with <u>Loney A. Haney v. Florissant Dodge Sales, Inc.</u>, Case No. 4:13cv1213 CDP (Doc. No. 28) and <u>Raymond J. Schaefer v. Florissant Dodge Sales, Inc.</u>, Case No. 4:13cv1215 TCM (Doc. No. 31).

1

Court did not rule on the substantive issues raised by the original motions to dismiss, it simply filed the same motions directed at the amended complaints, with only citations to the updated record and references to the EEOC Notices of Right to Sue. (Doc. No. 30, p. 2)

As a threshold matter, Plaintiffs are advised that motions to strike are properly directed only to material contained in pleadings. Fed.R.Civ.P. 12(f) (a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir.2000). The Federal Rules of Civil Procedure define pleadings as (1) a complaint; (2) an answer; (3) a reply to a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; and (6) a third party answer. Fed.R.Civ.P. 7(a). "No other paper will be considered a pleading except those specifically named in Rule 7(a)." 2 James W. Moore, et al., *Moore's Federal Practice* § 7.02[1][b] (3rd ed.2010). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." Id., § 12.37[2]. Because Plaintiff's motions are not directed to pleadings, the Court will not consider them as motions to strike. See Stockdale v. Stockdale, 2010 WL 1329593, at *1 (E.D.Mo. Apr. 6, 2010).

The Court could construe Plaintiffs' motion to strike as their opposition to the motion to dismiss, but declines to do so as it believes Plaintiffs would prefer the opportunity to respond to the merits of Defendant's motion. The Court will deny the motion to strike on the basis that it was not directed to a pleading and grant Plaintiffs additional time to file their response to the merits of Defendant's motion. See id.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendant's Recent Supplemental Motion to Dismiss [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 9, 2014**, to file his response to Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** that a copy of this Order shall be docketed in <u>Loney A. Haney v. Florissant Dodge Sales, Inc.</u>, Case No. 4:13cv1213 CDP, and <u>Raymond J. Schaefer v. Florissant Dodge Sales, Inc.</u>, Case No. 4:13cv1215 TCM.

Dated this 22nd day of April, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE